In re Michele ARMIJO, Bankrupt.

Michele ARMIJO, Plaintiff,

v.

NEW MEXICO STUDENT LOAN PROGRAM, and State of New Mexico, ex rel, John Perovich, Defendants.

Bankruptcy No. 78–337P.

United States Bankruptcy Court,
D. New Mexico.

July 31, 1981.

Michele Armijo-Robert Suzinski, Santa Fe, N.M., for plaintiff.

John R. Silko, Albuquerque, N.M., for defendants N.M. Student Loan Program, et al.

MEMORANDUM OPINION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UPON COMPLAINT TO DETERMINE DISCHARGEABILITY

LOUIS PUCCINI, Jr., Bankruptcy Judge.

This matter was tried on October 30, 1979, and concerns the complaint of the Petitioner to have her student loan determined dischargeable.

The uncontested evidence was that these student loans were incurred from 1971 to June, 1975, and that the date the first payment was due was in April, 1976. This bankruptcy was filed on April 3, 1978, within the five (5) year period beginning on the date of the commencement of the repayment period. 20 U.S.C. § 1087–3. Thereafter, on November 6, 1978, the Bankruptcy Code was adopted, which repealed § 1087–3. Public Law 95–598, Title III, § 317. On October 1, 1979, the new Bankruptcy Code provisions concerning dischargeability of student loans came into effect. 11 U.S.C. § 523(a)(8).

The issue of whether these subsequent changes in the law concerning student loans had any effect on this case was not raised at trial, however the Court believes that the statute which existed at the time of filing of the bankruptcy is the statute which governs the case. *U. S. v. Carpenter,* 5 B.C.D. 577. That is, 20 U.S.C. § 1087–3 is the statute governing this action.

There was no challenge to the evidence that the bankruptcy was filed within the five years beginning on the date of the commencement of the repayment period and therefore, the petitioner is not automatically entitled to discharge of this indebtedness.

Therefore, the only other exception under which this debt may be discharged is "that prior to the expiration of that five year period, such loan may be released only if the Court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents." 20 U.S.C. § 1087–3(a).

The Petitioner's circumstances are that she was divorced in February, 1978, and had a child by her ex-husband in December, 1978. The Petitioner has been employed at the State Highway Department for several years and earns, on the date of trial, approximately $840.00 per month gross, and a little less than $500.00 net per month (after about $70.00 is paid to the Credit Union per month). The Petitioner reaffirmed a number of debts after this bankruptcy, including but not limited to the Credit Union, MasterCharge, Sears, Speigels and Penneys, the reason being her ex-husband would not voluntarily pay child support unless she reaffirmed these former community debts. The reaffirmation of those debts does not contribute to the welfare of the Petitioner or her dependent, since those debts were for past consideration. This Court does not determine whether the reaffirmation of those debts in exchange for some support benefits for the minor child was economically sound. The ex-husband voluntarily makes payments, by way of child support, for the mobile home, trailer space and all utilities, which total on an average over $300.00 per month. Petitioner testified she could not otherwise afford to live in the mobile home. However, the Petitioner has taken no legal action to guarantee these continued payments which are purely voluntary by the ex-husband. Petitioner has no title to the mobile home.

From the stated income, Petitioner testified she spends, per month, over $100.00 for child care, paid to her month for which she has no receipts, $200.00 for food, $10.00 for car insurance, over $150.00 per month installment payments, plus an undetermined amount for clothes, diapers and other items for her and her child. The actual stated expenses total over $460.00 per month, leaving less than $40.00 per month for enter-

tainment and other non-itemized expenses. The Petitioner has no excess of funds after payment of monthly bills.

The Petitioner's only assets are a 1967 Ford Galaxie which apparently needs $300.00 worth of transmission work, which she stated she could not afford; and her personal effects and furnishings which she estimated in her petition as having a value of $376.00. The Petitioner has no other assets or 'other wealth'.

Concerning Petitioner's income, her schooling if completed, would have permitted her to possibly seek employment at a starting salary of $800.00 per month, less than she is making now. She is a qualified secretary but has no other qualifications for employment in a substantially higher paying job. The evidence established that the Petitioner has no immediate prospects for substantially higher income, either by seeking other employment or by increased wages.

The Petitioner testified that she could not pay for the charges for the birth of her son, which were paid by the ex-husband. However, Petitioner is commendably not receiving any public assistance, either for herself or for her child. Petitioner further testified she needed dental work and automobile repairs which she could not now afford.

The Petitioner did make some effort to repay the loan in 1976 and 1977, which according to Defendant amounted to $65.00 per month payments, made for 8 months, which payments were applied all on interest.

The Defendant's uncontroverted testimony was that Petitioner qualified for the 'hardship program' of reduced payments, which would require a minimum payment of $90.33 for six months and $60.00 per month payments thereafter; and that would be the lowest payment schedule that would be acceptable to Defendant.

■ The burden of proving the elements necessary to render a student loan non-dischargeable rests upon the party seeking to bar discharge. *In Re Mahler*, 18 C.B.C. 602. Further, there was no evidence of extrava-

gance by Petitioner warranting a reduction. *In Re Linda DeAngelis*, 20 C.B.C. 453.

■ There is no definitive test to determine whether repayment will impose an "undue hardship" on the Debtor. However, the following have been set forth primarily in the case of *Penn. Higher Education Assistance Agency v. Deborah Lee Johnson*, 5 B.C.D. 532 (1979, B.C.). They include but may not be limited to the following considerations:

1. Employment Status: The Petitioner does appear to be maximizing her income, and her chances of continued employment with her present employer appear excellent although her opportunity for significantly increased income is not good.

2. Other Sources of Wealth: There appear to be no other assets or source of funds to the Petitioner.

3. Current Income to Maintain Minimal Living Standard: It has been stated that a minimal living standard is that provided by welfare. However, an individual need not be reduced to welfare before the obligation to repay this type of debt is discharged, since the payment may be itself an undue hardship provided the other conditions are met. This Court does not require a Debtor to be on welfare before that minimum standard is accepted, nor should the Court encourage the Debtor to apply for welfare by requiring that standard.

The Debtor is not making sufficient income to maintain her and her dependent's standard of living as she is receiving extra income from her ex-husband, and her standard of living is certainly not excessive.

4. Are Education and Skills Being Used to the Best Advantage: This Court finds that the Debtor is using the educational benefits that she received from her higher education to the best advantage and is utilizing said education to maximize the income to which she is entitled. The Petitioner indicated that she had attempted to obtain better jobs in the Santa Fe area, but found that this was the highest and best paying job to which she would be qualified and for which she was hired.

5. Health of Debtor or Dependents: The Court further concludes that the health of the Debtor is not a factor in this proceeding, since she is healthy and has claimed no medical disability.

6. Living Expenses: The Court in reviewing the expenses of the Petitioner herein finds that all of her expenses are reasonably necessary expenses and there are no extravagant or extraordinary expenses on which she has expended her funds. In addition, the Court finds that the Petitioner required automobile work on her 1967 automobile and that she was unable to afford these repairs, and further that she needed dental work which could not be commenced since she was unable to afford those dental charges. The Court further notes, that the Plaintiff has not incurred any discretionary expenses, nor has she incurred any unnecessary expenses in the maintenance of herself and her child.

7. Future Financial Resources: The Petitioner testified, without contradiction, that she has obtained the highest paying job to which she was qualified and to which she was hired, in the Santa Fe area. The Plaintiff further testified that she had applied for other higher paying jobs but had, to date, been declined on all such applications. At this time, the Court cannot conclude that the Petitioner has a substantial possibility of increasing her income to reasonably discharge this obligation.

8. Good Faith of Plaintiff: The Court believes that the law of discharge should not be granted unless the Debtor has made a bona fide attempt to repay the loan. The Court concludes and the evidence is uncontested that the Plaintiff made approximately 8 payments of $65.00 per month in the 1976–1977 period. The Court further notes that the Debtor did not immediately file this petition after she was unable to make these payments, but apparently resisted the filing of the petition until such time as she was clearly unable to pay her obligations. This Court concludes that the Plaintiff/Debtor herein has made a good faith effort to repay this loan and to obtain as high a paying job as her education and qualifications allow.

9. Whether Bankruptcy Was Filed to Avoid Student Loan Only: This Court has already concluded in this Order that although the student loan constitutes a large percentage, approximately 40% of the Plaintiff's total indebtedness, it does not appear that the bankruptcy was filed solely for the purpose of discharging the obligations for the reasons hereinabove stated.

This Court concludes that this student loan is dischargeable.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the loan to the State of New Mexico or to any other party, including but not limited to the United States of America, Department of Health, Education and Welfare, on this student loan, is discharged in these proceedings.